UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT WEYANT, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) No. 4:21-cv-01092-SRC |
| | ) |
| CO II HUBBARD, et al., | ) |
| | ) |
| Defendant(s). | ) |

**Memorandum and Order**

This matter is before the Court upon review of plaintiff Scott Weyant's complaint. Plaintiff, an inmate at South Central Correctional Center (SCCC) brings this action asserting claims against defendants Correctional Officer Hubbard, Correctional Officer Cunningham and "Corizon Medical." However, plaintiff's allegations are contained not only within his original complaint, but also in two supplements to his complaint filed on September 13, 2021. Because plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating his medical rights, and his allegations are also contained in multiple pleadings, the Court will require plaintiff to file one amended complaint on a court-provided form. The Court will order plaintiff to amend his complaint no later than March 9, 2022.

**Legal Standard**

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The statute defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of

criminal law." 28 U.S.C. § 1915A(c).  Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(A)(b).  Here, plaintiff is a convicted state prisoner who is suing employees of a governmental entity.  Therefore, his complaint is subject to § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016).

**Discussion**

Plaintiff, an inmate at SCCC, filed this 42 U.S.C. § 1983 action on September 2, 2021.  In his complaint for damages, plaintiff alleges that during his incarceration at Farmington Correctional Center (FCC), he was being escorted by Correctional Officers Cunningham and Hubbard, on or about June 30, 2020.  He asserts that while he was escorted to 5HU (the hole) barefoot, he "stepped on some rock," which purportedly caused "the custody staff" to complain that he was being non-compliant, and "they" had to use force to take him down.  Plaintiff asserts that "CO's Hubbard and Cunningham dislocated my left index finger, and I had to be sent to a

2

specialist in Jeff City MO to have surgery.  My finger is still broken and causing me pain!" Plaintiff complains that he was "in the hole" so long without treatment "that the bone supposedly disappeared."  Plaintiff does not state who he purportedly asked for treatment for his finger, and whether this person, or persons, allegedly denied him treatment.  Plaintiff seeks monetary damages because he used to be an artist and a mechanic.

As currently written, plaintiff's complaint is subject to dismissal.  Plaintiff brings his claims against the defendant Correctional Officers (Hubbard and Cunningham) in their official capacities only.  An official capacity claim against an individual is actually "against the governmental entity itself."  *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  Here, defendants Hubbard and Cunningham are employees of the Missouri Department of Corrections ("MDOC").  Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official—the State itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights."  *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will,* 491 U.S. at 71.

Additionally, in the absence of a waiver, the Eleventh Amendment bars a § 1983 suit against a state official acting in his or her official capacity.  *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).  Because plaintiff seeks money damages against the defendants, his official-capacity claims are barred by the Eleventh Amendment and should be dismissed.  *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for

3

damages against a state employee in his official capacity is barred under the Eleventh Amendment.").

Further, plaintiff has not made any specific allegations against Corizon Medical in his complaint. Although he states that he was "in the hole" for an undisclosed period without treatment for his finger, he does not name the individuals who allegedly failed to provide him with medical treatment for his finger when he asked them to do so. Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff's failure to specifically name a defendant who denied him care is fatal to his request for relief against defendant Corizon Medical.

However, because plaintiff is pro se, and he alleges a specific injury that required surgery as a result of purported unlawful conduct from defendants Hubbard and Cunningham, the Court will allow plaintiff a chance to amend his pleading. Plaintiff must follow the Court's instructions as set forth below.

### Instructions for Amendment of Plaintiff's Complaint

The Court requires plaintiff to amend his pleading on a court-provided form. Plaintiff must file an amended complaint no later than March 9, 2022. The amended complaint replaces the original complaint and all supplemental pleadings. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

4

In the "Caption" section of the complaint form, plaintiff should write each defendant's name or names. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should specify whether he is suing each defendant in an official capacity, individual capacity, or both. Plaintiff must avoid naming anyone as a defendant unless that person is directly related to their claim.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support their claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state each claim in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990) . Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and

5

conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

After filing the amended complaint, the matter will be resubmitted to the Court for review pursuant to 28 U.S.C. § 1915A for frivolousness, maliciousness, and failure to state a claim. If plaintiff's claims survive § 1915A review, plaintiff will be required to complete service on defendants.

## Motion for Appointment of Counsel

With the filing of his complaint, plaintiff filed a motion for appointment of counsel. No constitutional or statutory right to appointed counsel in civil cases exists. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

The Court finds that plaintiff has thus far adequately represented his own interests. Additionally, neither the factual nor legal issues in this case are complex. As such, the Court concludes that neither the Court nor plaintiff would benefit from appointment of counsel at this stage and denies without prejudice plaintiff's motion for appointment of counsel.

## Conclusion

Accordingly, the Court directs the Clerk to provide to plaintiff a blank Prisoner Civil Rights Complaint Form. The Court orders that, no later than March 9, 2022, plaintiff must file

an amended complaint on the Court-provided form and in compliance with the Court's instructions.  The Court denies without prejudice plaintiff's [2] motion for appointment of counsel and advises plaintiff that failure to timely comply with this Order will result in the dismissal of this action without prejudice and without further notice.

So Ordered this 16th day of February 2022.

*SLR. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE