UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SCOTT WEYANT,                           )
                                        )
              Plaintiff,                )
                                        )
    v.                                  )        No. 4:21-cv-01092 SRC
                                        )
JEFFERY HUBBARD, et al.,                )
                                        )
              Defendants.               )

**Memorandum and Order**

This matter is before the Court on defendants Jeffery Hubbard and Jesse Cunningham's

motion to dismiss the amended complaint.  Doc. 22.  Plaintiff Scott Weyant filed a response to

the motion to dismiss as well as a supplemental response.  Docs. 27 and 28.  For the reasons

discussed below, the Court grants defendants' motion and dismisses this action without

prejudice.

**I.       Background and Amended Complaint**

Plaintiff is a Missouri State prisoner who is proceeding pro se.  Defendants are Missouri

Department of Corrections (MDOC) employees who are sued in their individual capacities.

Plaintiff sued defendants for events that occurred when he was incarcerated at the Farmington

Correctional Center (FCC).  He is currently incarcerated at South Central Correctional Center

(SCCC).

On February 16, 2022, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C.

§ 1915A, as plaintiff paid the full $402 filing fee in this matter on September 14, 2021.  The

Court found that as written, plaintiff's complaint was subject to dismissal.  Accordingly, the

Court required plaintiff to submit an amended complaint no later than March 9, 2022.  Doc. 9.

On March 10, 2022, plaintiff submitted his amended complaint.  Doc. 10.  On March 11, 2022, the Court ordered plaintiff to complete the "Certification and Closing" section of his amended complaint, sign the pleading and return it to the Court for filing.  Doc. 11.  Plaintiff did so on March 21, 2022.  Doc. 12.

Plaintiff's amended complaint alleges violations of his civil rights pursuant to 42 U.S.C. § 1983, which he claims occurred during his incarceration at FCC.  He sued Correctional Officers Hubbard and Cunningham, as well as Corizon Medical and the Missouri Department of Corrections.  Plaintiff alleges claims for deliberate indifference to his serious medical needs, as well as excessive force, both in violation of the Eighth Amendment.

In his amended complaint plaintiff asserts that on or about June 30, 2020, at approximately 10:08 p.m., Correctional Officers Hubbard and Cunningham were escorting him to "5 House" at FCC.  He claims the officers made him walk barefoot over rocks "unnecessarily" with his feet shackled together and his arms handcuffed behind his back with the officers' hands firmly gripping the sides of his arms.

Plaintiff alleges that when he reached the gates between the Education and Library Building, he stepped on a sharp rock, "winced from the pain," and "tried to hobble."  Plaintiff states that "the two officers falsely announced that [he] was being non-compliant and threw [him] to the ground, with both officers landing on top of [him]."  He claims that there was no need to exhibit force against him, as he was not resisting the officers at the time he was thrown to the ground.  When Correctional Officers Cunningham and Hubbard got on top of plaintiff, the action "dislocated and broke" his index finger on his left hand.

Although plaintiff alleged claims relating to deliberate indifference to his serious medical needs in violation of the Eighth Amendment, the Court, on initial review, dismissed

those claims because plaintiff failed to properly allege who denied him medical treatment at FCC, and additionally, because he failed to allege a constitutional violation due to a delay in treatment.  Doc. 14.  The Court likewise dismissed plaintiff's claims against the individual defendants in their official capacities, as well as the claims against the Missouri Department of Corrections.  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989).  The claims against Corizon Medical were similarly dismissed due to plaintiff's failure to properly allege a policy or custom claim against Corizon.  The Court issued process, however, on plaintiff's Eighth Amendment excessive-force claims against defendants Hubbard and Cunningham in their individual capacities.

On January 4, 2023, defendants Hubbard and Cunningham filed the instant motion to dismiss plaintiff's amended complaint.  Doc. 22.  Defendants argue dismissal is appropriate because plaintiff failed to properly exhaust his administrative remedies with respect to his excessive force claim.

## II.    Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level," *Twombly*, 550 U.S. at 555, 597 n.3; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  This obligation requires a

plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint "must contain either

direct or inferential allegations respecting all the material elements necessary to sustain recovery

under some viable legal theory." *Id.* at 562 (quoted case omitted).  On a motion to dismiss, the

Court accepts as true all of the factual allegations contained in the complaint and reviews the

complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at

555–56; Fed. R. Civ. P. 8(a)(2).

## III.    Discussion

Defendants argue plaintiff has failed to properly exhaust his administrative remedies as to

the excessive force claims against them as required by the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. § 1997e(a).  Specifically, defendants argue that to properly exhaust his

administrative remedies, plaintiff was required to file an Informal Resolution Request (IRR)

within fifteen (15) days of June 30, 2020—the date plaintiff alleges the events giving rise to the

IRR occurred.  *See* Doc. 12 at p. 17 (denying plaintiff's IRR regarding defendants' use of force

because plaintiff failed to file it within fifteen days of the alleged incident).[1]

Defendants note that the first time plaintiff mentioned the incident was in an IRR he filed

on January 22, 2021, approximately seven months after the event.  *See* Doc 12 at p. 15.  They

argue that not only was the IRR was over six months late, but it also does not contain any

reference to "excessive force."  Plaintiff's January 22, 2021, IRR states in pertinent part:

> I had to come up to medical repeatedly and to no avail, did not help me, finally a
> nurse that shall not be named helped as much as anyone could and she stated "I'm
> unsure why they won't help you!!"  On this specific day I self-declared and went

---

[1]The Court takes judicial notice of the Missouri Department of Corrections Offender Rulebook which sets
forth the Offender Grievance Process.  The Rulebook is publicly available at:
https://doc.mo.gov/sites/doc/files/media/pdf/2020/03/Offender_Rulebook_REVISED_2019.pdf. *See Stahl
v. U.C. Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir. 2003) ("[A] district court may take judicial notice of
public records and may thus consider them on a motion to dismiss.").

around Nurse Practitioner Herrington(?) and Joust looked at my extremely infected finger and prescribed antibiotics, left up to Herrington who knows what would of [sic] happened, now on the 19th I saw Joust again and she showed me my X-ray and we spoke and she explains, my finger is still broken but in "perfect" alignment.  I want my finger fixed.

*Id.*

Plaintiff does not contest that he waited until April 2021 to file an IRR regarding defendants' alleged excessive use of force.  *See* Doc. 28 at p. 3; *see also* Doc. 12 at pp. 16, 19 (IRRs attached to the amended complaint, dated April 19 and April 27, 2021 and containing excessive-use-of-force allegations).  Rather, he argues that he was unable to file a timely IRR because he was in Administrative Segregation.  He claims that while "going through his grievance process he was transferred to a different camp and was unable to receive the rest of his grievance responses."  Plaintiff, however, does not give the date he was transferred.  Plaintiff also fails to provide the Court the dates he was in Administrative Segregation or provide an explanation as to why he would have been impeded from engaging in the grievance process during his time in Administrative Segregation.  Further, as defendants point out, plaintiff attached to his amended complaint a grievance he submitted on January 22, 2021.  *See* Doc. 12 at p. 15

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement is "mandatory."  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Jones v. Bock*, 549 U.S. 199, 219 (2007).  To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the applicable procedural rules.  *Jones v. Bock*,

549 U.S. 199, 218 (2007).  "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Although a prisoner need not exhaust remedies that are "unavailable," *Muhammad v. Mayfield*, 933 F.3d 993, 1000 (8th Cir. 2019), a plaintiff must raise factual arguments indicating why the grievance process was unavailable to him.  In this case, plaintiff's conclusory assertion that he was in Administrative Segregation for an undisclosed period is not enough to show that the prison remedies were unavailable to him.  Moreover, plaintiff does not contest that during this same time he was able to file at least one IRR, on January 22, 2021, asserting a claim of deliberate indifference to his medical needs.  Thus, plaintiff's argument that he filed his IRR "as soon as possible" lacks merit.  Doc. 28 at p. 3.

Construing the facts in plaintiff's favor, the Court finds that plaintiff was capable of filing an IRR on January 22, 2021, at the latest.  Thus, by waiting until April 19, 2021 to file an IRR regarding his use-of-force allegations, he failed to satisfy the PLRA's requirement that he exhaust available administrative remedies regarding that claim.

## IV.    Conclusion

Accordingly, the Court grants defendants' [22] Motion to Dismiss and dismisses without prejudice the amended complaint.  An Order of Dismissal accompanies this Memorandum and Order.  The Court certifies that an appeal from this dismissal would not be taken in good faith.

So Ordered this 24th day of July 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE